## Joseph R. SMITH,

v.

## RHODE ISLAND'S ONLY 24 HOUR TRUCK & AUTO PLAZA, INC.

### No. 98-506-Appeal.

Supreme Court of Rhode Island.

March 20, 2000.

Karen A. Pelczarski, Michael W. Carroll, Kristen Rodgers Sullivan, Providence.

Kevin M. Brill, Providence.

### ORDER

This case came before the Court on February 7, 2000, on the appeal of plaintiff, Joseph R. Smith (Smith or plaintiff), from a Superior Court judgment entered in favor of defendant, Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., (RI's Only or defendant) following defendant's motion for summary judgment. We directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted, we are of the opinion that cause has not been shown. Therefore, we shall decide the issues raised by the parties at this time.

In 1992, Smith and Thomas Gotauco (Gotauco) were the sole shareholders of Four Star Truck & Travel Center, Inc., (Four Star) when Smith petitioned Four Star into receivership. On January 28, 1993, during the receivership proceedings, a justice of the Superior Court entered an "Order Regarding Receiver's Interim Report" (order), ordering in part,

"2. That the $1,500.00 weekly distributions payable to Joseph Smith and Thomas Gotauco, respectively, pursuant to the prior order of this Court, shall be accrued commencing January 1, 1993 until further order of this Court;

"3. That the Court hereby reserves decision as to whether or not the afore-said accrued distributions will be subordinated to any and all administrative and operating expenses of the within Receivership Estate."

On July 19, 1993, RI's Only (of which Gotauco is the president and sole shareholder) offered to purchase the assets of the receivership estate of Four Star. In the offer to purchase, which was accepted by the receiver and approved by the court, RI's Only assumed the payments to Smith and Gotauco as provided for in the aforementioned order. The offer provided, in part:

"In addition to the foregoing, Purchaser does hereby agree to * * * (c) assume and pay when due any and all accrued and/or accruing distributions due to Thomas Gotauco and Joseph Smith as of the consummation of the within sale, as authorized by Order of the Court dated January 28, 1993, as may be determined by the Court to be administrative expenses of the Receivership Estate."

It is undisputed that none of the distributions were ever paid to Smith.

Approximately four years after the purchase by RI's Only and two years after the receiver's final report to the receivership court, Smith filed the present action in Superior Court alleging breach of contract and seeking a declaratory judgment in order to recover the distributions provided for in the order and assumed by RI's Only in its offer to purchase, which Smith claimed amounted to $45,000. The defendant moved for summary judgment, and at a hearing in Superior Court on June 16, 1998, the hearing justice found that the offer to purchase was "the only thing that's binding on the defendant in this case," and that there was never a "determination" made by the court during the receivership proceedings that the accrued distributions were administrative expenses of the receivership estate rather than monies owed to the shareholders. The hearing justice therefore determined that Smith had waived the right to now proceed

directly against RI's Only. An order granting summary judgment was entered on June 26, 1998. Smith has appealed.

"Summary judgment is an extreme remedy that should be applied cautiously." *Sjogren v. Metropolitan Property and Casualty Insurance Company,* 703 A.2d 608, 610 (R.I.1997). This Court reviews the granting of a summary judgment on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). "[A]ccordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Keeney,* 713 A.2d 806, 810 (R.I.1998).

The receivership court's order provided for the accrual of the distributions "until further order of [the] court." Additionally, the receivership court "reserve[d] decision as to whether or not the aforesaid accrued distributions will be subordinated to any and all administrative and operating expenses of the within Receivership Estate." However, at the end of the receivership, the court did not make a determination regarding any aspect of the accrued distri-butions. For this reason, we conclude that summary judgment, a judgment on the merits, is an inappropriate remedy in this case. Instead, because the receivership court has never ruled on this issue, a more appropriate remedy is a judgment of dismissal without prejudice. Such a disposition will not preclude Smith from seeking to reopen the receivership [1] for a determination by the receivership court of whether or not the accrued funds, intended as weekly distributions to the shareholders, are reachable as administrative and operating expenses of the receivership and are thus subordinated to this singular purpose.

For the foregoing reasons, we vacate the summary judgment, modify the judgment to one of dismissal without prejudice pursuant to Rule 41(a)(2) of the Superior Court Rules of Civil Procedure, and remand the papers of the case to the Superior Court for proceedings consistent with this order.

---

1. We note that this receivership is not based upon the insolvency of the corporation, and thus reopening the receivership for this limited purpose may not prejudice creditors or other parties.